UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION
www.moed.uscourts.gov

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:11MJ5046 NAB |
| | ) | |
| ZURI EDWARDS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER CONCERNING WAIVER OF PRELIMINARY HEARING

On May 17, 2011 defendant Zuri N. Edwards appeared before the court and waived his right to a preliminary hearing under Rule 5.1, Fed.R.Crim.P. Having accepted defendant's waiver, the court held a detention hearing under the Bail Reform Act of 1984, 18 U.S.C. § 3142, to determine whether Defendant should be released on conditions or be detained. The government had filed a motion for pretrial detention of defendant. (Doc. 4.)

Defendant was charged in a complaint with the offense of felon in possession of a firearm. The court is advised that conviction on Count 1 carries a statutory maximum penalty of not more than 10 years or a fine of not more than $250,000 or both.

> The Bail Reform Act places upon the government a substantial burden
> of proof regarding whether a person should be detained.
> Only if the government shows by clear and convincing evidence
> that no release condition or set of conditions will reasonably
> assure the safety of the community and by a preponderance of
> the evidence that no condition or set of conditions under
> subsection (c) [of 18 U.S.C. § 3142] will reasonably assure
> the defendant's appearance can a defendant be detained before
> trial.

United States v. Kisling, 334 F.3d 734, 735 (8th Cir. 2003)(quoting United States v. Orta, 760 F.2d 887, 891 & n. 20 (8th Cir. 1985) (enbanc)).

In response to the presumption, the burden is upon the defendant to produce some evidence that there are conditions of release which will reasonably assure that he will not pose a danger to the community and will not flee. United States v. Abad, 350 F.3d 793, 797 (8th Cir. 2003). Throughout all, the government retains the burden of proof described above. Id.

The parties do not dispute the accuracy of the information in the written pretrial services report. Therefore, the court hereby adopts and incorporates by reference into this detention order the facts set forth in the pretrial service officer's report. The report indicates that defendant Edwards was convicted of the felony of burglary 2nd degree in 1997, although he received probation, his probation was revoked in 1999. After serving one year of confinement in the Missouri Department of Corrections, defendant was convicted of two counts of felony drug possession in 2001 and sentenced to five years of confinement in the Missouri Department of Corrections. In 2006, defendant pled guilty to the felonies of assault on a law enforcement officer and resisting arrest. He received a 10 year sentence and was released on parole in March, 2010. Defendant also has an extensive arrest record. Defendant is not currently employed and has an extensive history of substance abuse.

After considering the record, including the statements of counsel, for the reasons set forth in the report of the pretrial services officer, the court finds and concludes by clear and convincing evidence that there are no conditions or combination of conditions that would reasonably assure the court that defendant will appear in court as required. 18 U.S.C. § 3142(b), (c).

Therefore,

**IT IS HEREBY ORDERED** that the motion of the United States to detain defendant Zuri N. Edwards (Doc. 4) is sustained. Defendant is committed to the custody of the Marshals Service until further order. Defendant shall have a reasonable opportunity to consult with counsel.

Dated this 18th day of May, 2011.

                                                /s/ Nannette A. Baker
                                          NANNETTE A. BAKER
                                          UNITED STATES MAGISTRATE JUDGE